UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RALPH THOMAS, ) | CASE NO. 1:08 CV 506 |
|  ) | |
|     Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
|  ) | |
|   v. ) | |
|  ) | MEMORANDUM OF OPINION |
| NATIONWIDE INSURANCE COMPANY, ) | AND ORDER |
|     et al., ) | |
|  ) | |
|     Defendants. ) | |

On February 28, 2008, plaintiff pro se Ralph Thomas, filed this *in forma pauperis* action against Nationwide Insurance Company, Timothy Greer, and John Biviano. The complaint alleges defendants have not paid a homeowners insurance claim to plaintiff and his wife for losses from a burglary at their home. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

This action lacks an arguable basis in law.  There are no facts set forth in the complaint suggesting a proper basis for this court's jurisdiction, as the parties are all located in Ohio and no federal statute is implicated by plaintiff's claim.  This action is therefore appropriately subject to dismissal under section 1915(e).  *Lowe v. Hustetler*, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, the application to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to  28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/2/08

---

[1]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).